UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
J&J SPORTS PRODUCTIONS, INC.,

                        Plaintiff,

    -against-

DOMINGO TELLEZ and TULCINGO CAFÉ CORP.,

                     Defendants.
------------------------------------------------------------------- x

ORDER

11-CV-2823 (CBA)

GOLD, STEVEN M., U.S.M.J.:

      Plaintiff has moved for default judgment against the defendants for their violation of 47 U.S.C. § 605, alleging that, without plaintiff's authorization, they broadcast a boxing match on November 13, 2010 at El Tulcingo Café in Flushing. Docket Entry 8. The court will consider all previous submissions in determining an appropriate award but requests additional briefing on two issues.

      First, defendant Tulcingo Café Corp. is an inactive corporation, dissolved as of February 5, 2009, according to the records of New York State, Department of State, Division of Corporations. *See* http://appext9.dos.state.ny.us/corp_public/corpsearch.entity_search_entry. A dissolved corporation may be sued while it is winding down its affairs. *See* N.Y. BUS. CORP. LAW § 1006(a)(4). A dissolved corporation, however, may only be sued for any "liability incurred *before* such dissolution." *Id*. § 1006(b) (emphasis added). Accordingly, plaintiff shall explain the basis for holding a dissolved corporation liable for acts that occurred over a year after it dissolved.

      In addition, plaintiff shall supplement its memorandum of law explaining Tellez's individual liability under 47 U.S.C. § 605, addressing in particular how vicarious liability against Tellez is established or whether plaintiff's complaint contains only "labels and conclusions" and "a formulaic recitation of the elements" of a claim against Tellez. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). *See* Compl. ¶¶ 8-11 (alleging "[u]pon information and belief," that Tellez is "an officer, director, shareholder, and/or principal" of Tulcingo, who had "supervisory capacity and control over the activities occurring" within Tulcingo and received financial benefit from the operations of Tulcingo); *J&J Sports Prods., Inc. v. Ribeiro*, 562 F. Supp. 2d 498, 501 (S.D.N.Y. 2008) ("To hold [defendant] vicariously liable in her individual capacity under § 605, J & J Sports must show that [defendant] had 'a right and ability to supervise the violations, and that she had a strong financial interest in such activities.'"). *See also J&J Sports Prods., Inc. v. Daley*, 2007 WL 7135707, at *3-4 (E.D.N.Y. Feb. 15, 2007) (denying individual liability under § 605 where the complaint provided only general, conclusory allegations of vicarious liability); *but see Innovative Sports Mktg., Inc. v. Aquarius Fuente de Soda, Inc.*, 2009 WL 3173968, at *10-11 (E.D.N.Y. Sept. 30, 2009) (finding a complaint sufficient to establish individual liability under § 605 where the sole allegation against the individual was that he owned the corporation).

Plaintiff shall make its submission in support of the damages it seeks no later than October 24, 2011. Any submission that defendants wish to make in response is due no later than November 7, 2011. Any reply that plaintiff wishes to make should be filed no later than November 14, 2011.

Upon receipt of this Order, plaintiff is hereby directed promptly to serve a copy of this Order by certified mail, return receipt requested, on defendants at their last known addresses, and to provide the Court with a copy of the return receipt.

**SO ORDERED.**

_____/s/_____
**STEVEN M. GOLD**
**United States Magistrate Judge**

Dated: Brooklyn, New York
October 4, 2011